important although unnecessary to note that plaintiff was held for Court by a magistrate and indicted by a grand jury. "It is everywhere held that the actions of each of these judicial bodies are affirmative evidence of probable cause: Restatement, Torts, §§663(2) and 664(2)": *Miller v. Pennsylvania Railroad Co.*, 371 Pa., supra, page 317.

Upon such a record it is clear as crystal, under all the aforesaid authorities, although indeed no authority is necessary, that *defendant had a reasonable ground of suspicion supported by circumstances sufficient to warrant an ordinary prudent man in believing that the plaintiff was guilty of the offense of driving while intoxicated,* and the Court should hold as a matter of law that probable cause existed.

The danger and the foolishness of changing the law and allowing this plaintiff to recover in the face of the aforesaid testimony at both the criminal and civil trials *which demonstrated reasonable grounds for Jacobs' belief in the present plaintiff's guilt* lies in the inescapable fact that it will inevitably seriously restrict the arrest by policemen of actual and reasonably suspected criminals and it will gravely and greatly jeopardize the protection of the public against the terrific crime wave which is sweeping our City, State and Country.

## Montgomery, Appellant, *v.* Country-Belle Cooperative Farmers.

Argued March 15, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

320

*Saul J. Bernstein,* with him *Bernstein & Campbell,* for appellant.

*Hugh S. Millar,* with him *J. Campbell Brandon,* and *Brandon, Millar & Rockenstein,* for company, appellee.

*Lee C. McCandless,* for appellee.

OPINION PER CURIAM, April 17, 1961: Judgment affirmed. Mr. Justice MUSMANNO dissents.

Commonwealth ex rel. Sparks, Appellant, *v.* Russell.